UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES TALBERT, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-0112 |
| v. | : | (JUDGE MANNION) |
| LT. BEAVER, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

**I. BACKGROUND**

On January 21, 2022, Plaintiff, Charles Talbert, an inmate confined at the State Correctional Institution, Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed the above caption civil rights action, pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the following SCI-Camp Hill employees: Lt. Beaver, Sgt. Johnson and Correctional Officers, Fontaine, Doyle, Stanbaugh, Sandaval, and Williamson. Id.

Plaintiff complain of an incident which occurred on December 30, 2021, in which Plaintiff claims that his "mental health was triggered, causing him to feel suicidal and helpless" after "watch[ing] Johnson allow Fontaine to throw several articles of property away and to confiscate Plaintiff's Bible." Id. Plaintiff claims that "on his person, [he] possessed over 25 Tylenol and

Ibuprofen pills," and "threatened to swallow all of his medication and commit suicide," should Defendant Johnson "continue to allow Fontaine [to] destroy and throw away his property." Id. Plaintiff claims that "instead of seeking a mental health provider or try to ease Plaintiff's mental health crisis, Johnson had carelessly and recklessly and maliciously threatened to come into Plaintiff's cell and assault him with other officers." Id. Defendants then "gathered outside of Plaintiff's cell, while another officer grabbed hold of a shield." Id. Plaintiff, "having a panic attack and in fear of his life, grabbed his mattress for protection." Id. Plaintiff states that "all said Defendants came rushing into Plaintiff's cell and despite having knowledge of his asthma and high blood pressure, these Defendants had used large amounts of pepper spray on Plaintiff, even while he was on the ground, laying on his stomach, defenseless." Id. Plaintiff claims that he was "sprayed in his eyes, nose, ears and face, causing him to hyperventilate, go temporary blind and his skin to extremely burn and cause excruciating pain and suffering." Id. He alleges that Defendants "participated in punching Plaintiff in the back of his head, while squeezing metal handcuffs around the bone of his lower wrists, to which had then pulled him up from the ground by the tether connected to the handcuffs in an awkward position to which caused the Plaintiff nerve, bone

and muscle injury to a preexisting right thumb, hand and wrist injury from a prior assault." Id.

Plaintiff filed the instant action in which he seeks compensatory and punitive damages for Defendants' alleged use of force which Plaintiff claims was "premeditated and done in a malicious, racist, sadistic, arbitrary, cruel and capricious manner, with intent to savagely cause harm." Id.

Presently before the Court is Plaintiff's April 20, 2022, motion for injunctive relief in which he claims that "between March 18th and current date, Defendant, along with their co-workers, have made continuous remarks concerning food being served to Plaintiff, which has substantially caused him to be oppressed, harassed antagonized and refuse to eat certain meals in fear of it being harmful to his well-being." (Doc. 35).  For relief, Plaintiff "seeks for the Court to restrain Defendants, and all those in participation and active concert with them, from handling and serving to Plaintiff, food that is cooked and prepared for him; and to enjoin Defendants, and all those in participation, and active concert with them, from denying Plaintiff access to the commissary vendor to purchase $100.00 worth of food per week, to avoid being served contaminated food by Defendants, and all those in participation and active concert." (Doc. 34).

For the reasons that follow, the Court will deny Plaintiff's motion for injunctive relief.

## II. Discussion

A party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). In the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration'." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Critically, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the

plaintiff's complaint." James v. Varano, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." Id. (citing Ball v. Famiglio, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A request for injunctive relief must, therefore, be dismissed if "the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)).

Plaintiff's motion for injunctive relief based on Plaintiff's belief that from March 18, 2022 through April 20, 2022, his food was being tainted by Defendants has no connection to the December 30, 2021 alleged assault which forms the basis of Plaintiff's complaint. As such, the Court completely "lacks jurisdiction over claims raised in a motion for injunctive relief" where those matters are "unrelated to the underlying complaint." Stewart v. Verano, 2015 WL 1636124, at *2 (M.D. Pa. Apr. 8, 2015) (citing Raupp v. Fed. Bureau of Prisons, 2006 WL 3332089, at *2 (W.D. Pa. Nov. 16, 2006) (adopting the Report and Recommendation of then-Magistrate Judge Baxter)).

The Court's decision in Stewart emphasizes this point. In Stewart, the lone allegation in the plaintiff's complaint was that the prison had failed to

adequately treat his hepatitis C infection. Id. at *1. In the course of litigating that claim, the plaintiff filed a motion for injunctive relief based on allegations that prison staff members had improperly deprived him of necessary legal materials. Id. The court denied the motion, explaining:

> [I]t is clear that the Court lacks the authority to grant Stewart's requested injunctive relief. The alleged deprivation of his legal materials by staff at SCI–Greene is entirely unrelated to Eighth Amendment deliberate indifference claims against officials at SCI–Coal Township. To the extent that the nature of his accommodations interferes with his ability to adequately prepare litigation papers in a timely fashion, a more appropriate remedy would be to request an extension of time whenever more time is needed to comply with a case management deadline. See generally Fed.R.Civ.P. 6(b).

Id. at 2.

The Court of Appeals for the Third Circuit reiterated this principle in Ball v. Famiglio, 396 Fed. Appx. 836, 838 (3d Cir. 2010). In Ball, the plaintiff's amended complaint alleged that prison officials had displayed deliberate indifference to her serious medical needs by denying her dental care, a cane and wheelchair, physical therapy and sick calls, eyeglasses, and medications. Id. at 837. She later filed a preliminary injunction motion alleging that an unidentified corrections officer had assaulted her and that her cell had been searched and property confiscated. Id. Reviewing the district court's denial of the preliminary injunction motion, the Third Circuit began by noting that "most of the relief [plaintiff] requests is completely

unrelated to the allegations contained in her amended complaint." Id. at 838. Because there was no "relationship between the injury claimed in the party's motion and the conduct asserted in the complaint," the Court held that the district court had appropriate denied injunctive relief. Id. (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (affirming denial of injunction sought on the basis of "new allegations of mistreatment that are entirely different from the claim raised and the relief requested in [plaintiff's] inadequate medical treatment lawsuit")); see also Raupp, 2006 WL 3332089, at *2 (denying injunctive relief in a habeas action because plaintiff's complaint that the prison would not let inmates visit the law library or meet with counsel was "unrelated to the underlying petition for writ of habeas corpus").

As in Ball, Stewart, and Raupp, Plaintiff's allegation that Defendants have tampered with his food (and, more broadly, his recurrent allegations of retaliation and mistreatment)[1] have no connection to his underlying complaint. In the absence of a relationship between Plaintiff's requested

---

[1] To the extent that Plaintiff believes that he is suffering retaliation or being subjected to mistreatment in any other way unrelated to the excessive force claims asserted in this civil action, Plaintiff must assert those unrelated claims – including any request for injunctive relief – in a new, separate lawsuit.

relief and his underlying pleading, Plaintiff's motion for preliminary injunction will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for injunctive relief.

A separate Order shall issue.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 20, 2022**
22-0112-01